UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

GEORGE CONSTANTINE,
Plaintiff,

v.

UNITED STATES OF AMERICA,
Defendant.

RECEIVED
OCT 26 2026
AT 8:30________M
CLERK, U.S. DISTRICT COURT - DNJ

Civil Action No. __________

COMPLAINT
UNDER THE FEDERAL TORT CLAIMS ACT
28 U.S.C. §§ 1346(b), 2671 2680

Plaintiff George Constantine, appearing pro se, alleges as follows:

## I. JURISDICTION AND VENUE

1. This is an action for money damages against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 2680.

2. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), which provides federal district courts with exclusive jurisdiction over qualifying claims for personal injury caused by the negligent or wrongful act or omission of an employee of the United States acting within the scope of employment.

3. The acts and omissions giving rise to this action occurred at Federal Correctional Institution Fort Dix ("FCI Fort Dix"), in Burlington County, New Jersey.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b) because the acts and omissions complained of occurred within the District of New Jersey.

## II. PARTIES

5. Plaintiff George Constantine is a federal inmate who, at all relevant times, was incarcerated at FCI Fort Dix in Fort Dix, New Jersey.

6. Defendant is the United States of America.

7. At all relevant times, the correctional officer identified herein as Officer Walls was an employee of the Federal Bureau of Prisons ("BOP") acting within the scope of his federal employment.

8. Officer Walls is identified in this Complaint for purposes of describing the conduct giving rise to the United States' liability. He is not named as an individual defendant in this FTCA action.

## III. ADMINISTRATIVE EXHAUSTION

9. Plaintiff timely presented an administrative tort claim to the Federal Bureau of Prisons on or about July 8, 2026.

10. The administrative claim was assigned Claim No. TFR-NER-2026-06101.

11. Plaintiff sought $300,000 in damages for personal injuries arising from the January 25, 2026 incident and the resulting aggravation and progression of his left-hand condition.

12. The Department of Justice, Federal Bureau of Prisons, Northeast Regional Office, issued a written denial dated August 17, 2026.

13. The denial expressly advised Plaintiff that he could bring an action in an appropriate United States District Court within six months of the date of the denial.

14. Plaintiff therefore has exhausted the administrative prerequisite applicable to this FTCA action.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff was assigned to work as an orderly in connection with the Special Investigative Services ("SIS") area at FCI Fort Dix.

16. Plaintiff was not assigned to work as an Admin West orderly.

17. Plaintiff's assignment status was known to BOP staff.

18. Before January 25, 2026, Plaintiff repeatedly informed Officer Walls that he was assigned to SIS and was not an Admin West orderly.

19. In approximately November 2025, Officer Walls directed Plaintiff to perform work in Admin West. Plaintiff informed Walls that he was assigned to SIS and not Admin West. Walls nevertheless continued to direct Plaintiff regarding Admin West work.

20. On or about January 11, 2026, Plaintiff spoke with Lieutenant Colon regarding his assignment and was directed to speak with Montgomery concerning the assignment designation.

21. On or about January 14, 2026, Plaintiff spoke with Montgomery. Montgomery advised Plaintiff that the designation could not be changed for operational reasons but indicated that a memorandum would be provided to officers concerning Plaintiff's assignment.

22. Plaintiff subsequently advised Officer Walls regarding his assignment and the memorandum.

23. On January 25, 2026, at approximately 5:37 a.m., Officer Walls woke Plaintiff and directed him to report for snow removal in Admin West.

24. Officer Walls knew that Plaintiff was not assigned as an Admin West orderly.

25. Plaintiff had previously explained his assignment to Officer Walls.

26. Plaintiff also had a known problem involving his left hand, which affected his ability to perform certain physical tasks.

27. Despite Plaintiff's assignment and his known left-hand condition, Officer Walls directed Plaintiff to perform snow shoveling.

28. Plaintiff complied with the order.

29. Plaintiff performed snow removal and shoveling in frigid, below-freezing conditions.

30. The snow-shoveling activity aggravated Plaintiff's existing left-hand condition.

31. On January 28, 2026, Plaintiff reported to medical and complained about his left hand following the snow-shoveling incident.

32. On January 30, 2026, Plaintiff was evaluated by Nurse Sorrentino.

33. Nurse Sorrentino provided Plaintiff with a brace for his left wrist and indicated that Plaintiff would receive a work restriction relating to the snow-shoveling incident.

34. Plaintiff did not receive the promised work restriction and continued performing his regular work duties.

35. Plaintiff continued to experience numbness, tingling, weakness with gripping and pinching, clumsiness of the left hand, difficulty with fine motor coordination, and pain.

36. Plaintiff's continuing work duties, including sweeping and mopping, aggravated his symptoms.

37. Plaintiff's condition subsequently was evaluated by electromyography ("EMG") at Temple University Hospital on April 23, 2026.

38. The EMG documented left ulnar neuropathy across the elbow consistent with left cubital tunnel syndrome, as well as left carpal tunnel syndrome and C8 radiculopathy.

39. The EMG findings provided objective medical evidence concerning the nature and extent of Plaintiff's continuing left upper-extremity condition.

40. Despite the EMG findings, Plaintiff had not been scheduled for a neurological consultation or a consultation with a hand surgeon, as reflected in his administrative claim.

41. On May 12, 2026, Dr. Abbas documented in Plaintiff's medical record that the EMG report had been reviewed and that Plaintiff was "following w/ neurology."

42. On July 24, 2026, Plaintiff was evaluated by Dr. Abbas again. Dr. Abbas advised Plaintiff that she would order physical therapy, pain management, and a neurological consultation.

43. As of the filing of this Complaint, Plaintiff has not received the physical therapy, pain-management treatment, or neurological consultation that Dr. Abbas indicated would be ordered.

44. Plaintiff alleges these subsequent medical facts as evidence of the continuing nature, extent, treatment history, prognosis, and damages associated with the January 25, 2026 injury. Plaintiff does not assert a separate or new FTCA medical-negligence claim based upon these subsequent events.

45. Plaintiff alleges that the January 25, 2026 snow-shoveling incident materially aggravated his pre-existing left-hand condition and contributed to the progression of his symptoms and resulting injuries.

46. Plaintiff further alleges that the failure to provide an appropriate work restriction after the January 25 incident permitted continued physical activity that aggravated his condition.

## V. THE INMATE ACCIDENT COMPENSATION ACT DOES NOT BAR THIS CLAIM

47. The Government denied Plaintiff's administrative claim in part on the ground that injuries sustained during the performance of an inmate work assignment are generally addressed under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, and 28 C.F.R. Part 301.

48. Plaintiff does not allege that he was injured while performing his assigned SIS work.

49. Plaintiff alleges that the January 25, 2026 injury arose from an activity that was outside his assigned work assignment.

50. Plaintiff was assigned to SIS, not Admin West.

51. Officer Walls knew that Plaintiff was assigned to SIS and nevertheless directed him to perform Admin West snow removal.

52. Plaintiff therefore alleges that the January 25, 2026 snow-shoveling activity was not the actual performance of his assigned work assignment.

53. Accordingly, Plaintiff disputes the Government's characterization of the January 25 incident as an injury arising from the actual performance of an assigned inmate work assignment.

54. Plaintiff further alleges that the Government cannot defeat this FTCA action merely by characterizing any task directed by a correctional officer as an inmate work assignment when the evidence establishes that Plaintiff was assigned elsewhere and was directed to perform a different task.

55. Plaintiff therefore seeks a judicial determination that the IACA does not provide the exclusive remedy for the particular conduct and injury alleged in this Complaint.

VI. COUNT ONE
NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

56. Plaintiff incorporates paragraphs 1 through 55 as though fully set forth herein.

57. At all relevant times, Officer Walls was an employee of the United States acting within the scope of his employment.

58. Under the circumstances alleged herein, Officer Walls owed Plaintiff a duty to exercise reasonable care in directing Plaintiff's activities and in assigning physical work.

59. Officer Walls breached that duty by, among other things:

a. directing Plaintiff to perform Admin West snow removal despite knowing that Plaintiff was assigned to SIS;

b. directing Plaintiff to perform strenuous snow shoveling despite knowledge of Plaintiff's left-hand condition;

c. failing to exercise reasonable care in determining whether Plaintiff should perform the requested physical activity;

d. requiring Plaintiff to perform snow removal in frigid conditions; and

e. otherwise failing to act with reasonable care under the circumstances.

60. Plaintiff alleges that Officer Walls' conduct was a substantial factor in aggravating Plaintiff's left-hand condition.

61. Plaintiff further alleges that the subsequent failure to provide the promised work restriction permitted continued physical work that aggravated his condition.

62. As a direct and proximate result of the negligent acts and omissions alleged above, Plaintiff suffered physical injury, pain, numbness, tingling, weakness, impaired grip and fine motor coordination, and other damages.

63. Plaintiff's injuries have required medical evaluation and treatment, including diagnostic testing.

64. Plaintiff continues to experience symptoms and impairment and has not received all of the follow-up treatment recommended or contemplated by his medical providers.

65. Under 28 U.S.C. § 1346(b)(1), the United States is liable to the same extent as a private person would be under the law applicable to the place where the acts or omissions occurred.

VII. DAMAGES

66. Plaintiff seeks compensatory damages for the injuries and damages caused by Defendant's negligence.

67. Plaintiff's damages include, but are not necessarily limited to:

a. physical injury;

b. pain and suffering;

c. numbness, tingling, weakness and impaired function of the left hand and upper extremity;

d. medical evaluation and treatment;

e. impairment of normal activities;

f. aggravation and progression of his underlying condition;

g. continuing symptoms and impairment; and

h. such other damages as are established by the evidence.

68. Plaintiff presented an administrative claim seeking $300,000 in damages.

69. Plaintiff seeks damages in an amount to be determined by the Court, but not in excess of the amount permitted under the FTCA and applicable law.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor and against Defendant United States of America;

B. Award Plaintiff compensatory damages in an amount established by the evidence and permitted under the Federal Tort Claims Act;

C. Award such other relief as the Court determines is authorized by law; and

D. Grant such other and further relief as the Court deems just and proper.

Plaintiff does not demand a jury trial because actions against the United States under the FTCA are tried by the Court.

Respectfully submitted,

George Constantine

GEORGE CONSTANTINE
Plaintiff, Pro Se
FCI Fort Dix
P.O. Box 2000
Fort Dix, New Jersey 08640

Date: 10-21-26